Meriel L. Darzen, OSB # 113645
(503) 525-2725 │ meriel@crag.org
Alexandria E. Dolezal, OSB # 223924
(503) 525-2725 │ alexandria@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214

Nicholas S. Cady, OSB # 113463
(541) 434-1463 │nick@cascwild.org
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, *et al.*,<br><br>    &<br><br>APPLEGATE SISKIYOU ALLIANCE,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>    *Defendant*,<br><br>  and<br><br>AMERICAN FOREST RESOURCE COUNCIL;<br>ASSOCIATION OF O&C COUNTIES,<br><br>    *Intervenor-Defendants*. | Case No. 1:23-cv-00519−CL;<br>Case No.: 1-23-cv-01163-CL<br><br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs Klamath-Siskiyou Wildlands Center, Cascadia Wildlands, Oregon Wild, and Soda Mountain Wilderness Council (collectively, "KS Wild Plaintiffs") respectfully submit this notice of supplemental authority and the attached Exhibit 1: Findings and Recommendation, *Cascadia Wildlands v. Adcock*, No. 6:22-cv-1344-MK, ECF44 (April 10, 2024) ("*Cascadia F&R*")

In *Cascadia v. Adcock*, plaintiffs brought procedural challenges under NEPA against a programmatic BLM decision relating to logging under the BLM's 2016 Resource Management Plan, the "Siuslaw Plan". Plaintiffs in that case argued that BLM failed to take a "hard look" at several environmental issues related to the proposed logging prior to issuing a Finding of No Significant Impact. Plaintiffs argued that issues were improperly dismissed from detailed consideration, were not analyzed at a site-specific level, and issues were analyzed at an overly large scale. The court in *Cascadia*, citing *Or. Nat. Res. Council v. Brong,* 492 F.3d 1120, 1129-30 (9th Cir. 2007), found that "averaging environmental impacts across a larger project area can be 'grossly misleading.'" *Cascadia* F&R at 12. Thus, by averaging soil impacts across a large area, BLM "distorted the data contained in the EA—rendering the resulting FONSI irrational and inadequate under NEPA." *Id.* at 13. This order is relevant because similarly, in the IVM EA, BLM analyzed several issues, including effects to moist forests, northern spotted owl habitat, and fire effects at a very large scale (the 875,290 acre project area) which distorted or diluted the effects. *See* Ptfs. Op. Br. (ECF21) at 23, 46, Resp/Reply (ECF42) at 33-34.

The court in *Cascadia* also distinguished *N. Alaska Env't Ctr. v. Kempthorne*, 457 F.3d 969 (9th Cir. 2006) and *Te-Moak Tribe of W. Shoshone of Nev. v. U.S. Dept. of Interior of Nev.*, 608 F. 3d 592 (9th Cir. 2010), finding that for the Siuslaw Plan "the landscape-level analysis was not sufficient to satisfy NEPA requirements" because "this is not a case where BLM will conduct another EIS or EA prior to implementation of the plan" as was the case in *N. Alaska Env't Ctr.*

*Cascadia* F&R at 14. Further the court noted "this is a logging plan where the location of the areas to be logged is well-suited to standard site-specific analysis" because "the BLM mapped out specific areas designated as potential harvest units under the plan." *Id.* The court found that "because BLM will not have to conduct any further NEPA analysis for the Siuslaw Plan, it needed to conduct the requisite site-specific analysis and field surveys prior to issuing a FONSI. Failing to do so and relying on future surveys and mitigation violated NEPA." *Id.* at 15. These findings are relevant because similarly in IVM, BLM conducted a large-scale, programmatic analysis, will not be doing any further NEPA, is attempting to rely on later mitigation and monitoring rather than site-specific effects analyses, and has mapped out where logging can occur. *See* Ptfs. Resp/Reply (ECF42) at 29-31.

Further, with respect to special status species in the area of the Siuslaw Plan, the court found that because "BLM's conclusions about these species were based on data regarding what habitats those species *generally* are prone to without determining whether those species actually exist there" and the agency focused on whether the actions were likely to cause a trend towards ESA listing, the BLM's approach was inconsistent with NEPA. *Cascadia* F&R at 21 (emphasis in original). The court said "to comply with NEPA, Defendants needed to conduct a site-specific analysis to determine which species do in fact exist in the *local* project area." BLM's analysis was insufficient because "they did not assess what the environmental effects would be on the populations of species residing in the HLB—such as whether logging in a specific area would eliminate an entire population of a species in that local area." *Id.* at 21. Importantly, the court noted, "[e]ven if these special status species will not become closer to being listed as endangered, the populations of these species may be significantly affected in the *local* area." *Id.* at 22 (emphasis in original). This is relevant because similarly in the IVM NEPA analysis, BLM failed to analyze site-specific or localized effects on local spotted owl and marten populations

and occupied territories, both of which are Bureau Sensitive Species. *See* Ptfs. Resp/Rply (ECF42) at 25-27.

Finally, the court also found that the record in *Cascadia* "raises substantial questions about the adverse effects to numerous threatened species and their critical habitat, including marbled murrelets, [and] northern spotted owl," and found that this factor weighed in favor of the need for an EIS, which the court recommended be prepared. *Cascadia* F&R at 27. This finding is relevant because the IVM project will also cause adverse effects to threatened and endangered species including marbled murrelet, northern spotted owl, and marten. *See* ASA Op. Br. (ECF30) at 38-40.

For all of the above reasons and because Plaintiffs in the instant case also challenge BLM's failure to conduct site-specific analyses, take a "hard look," and prepare an EIS for the IVM project, the *Cascadia* F&R is relevant.

Respectfully submitted this 12th day of April 2024.

<div style="margin-left:40%;">

/s/_____
Meriel L. Darzen (OSB # 113645)
Alexandria E. Dolezal (OSB # 223924)
Crag Law Center
3141 E. Burnside St.
Portland, OR 97214
503-525-2725
Email: meriel@crag.org;
alexandria@crag.org

/s/_____
Nicholas S. Cady (OSB # 113463)
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440
Tel: 541-434-1463
Email: nick@cascwild.org

</div>