SARA GHAFOURI, OSB #111021
SARAH MELTON, OSB #227050
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
Email: sghafouri@amforest.org
Email: smelton@amforest.org

DOMINIC M. CAROLLO, OSB #093057
Carollo Law Group LLC
Mail:   P.O. Box 2456
Roseburg, OR 97470
Office: 2315 Old Highway 99 South
Roseburg, OR 97471
Telephone: (541) 957-5900
Fax: (541) 957-5923
Email: dcarollo@carollolegal.com

*Attorneys for Defendant-Intervenors*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **KLAMATH-SISKIYOU WILDLANDS CENTER, CASCADIA WILDLANDS, OREGON WILD,** and **SODA MOUNTAIN WILDERNESS COUNCIL,**<br><br>Plaintiffs,<br><br>vs.<br><br>**UNITED STATES BUREAU OF LAND MANAGEMENT,**<br><br>Defendant,<br><br>and<br><br>**AMERICAN FOREST RESOURCE COUNCIL,** an Oregon non-profit corporation, and **ASSOCIATION OF O&C COUNTIES**, an unincorporated association,<br><br>Defendant-Intervenors. | Civil No. 1:23-cv-00519-CL (Lead Case)<br><br>**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

| | |
|---|---|
| **APPLEGATE SISKIYOU ALLIANCE**, | Civil No. 1:23-cv-01163-CL (Joined Case) |
| Plaintiff, | |
| vs. | |
| **UNITED STATES BUREAU OF LAND MANAGEMENT,** | |
| Defendant. | |

RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant-Intervenors American Forest Resource Council and Association of O&C Counties (Defendant-Intervenors) respectfully submit this response to Klamath-Siskiyou Wildland Center et al. Plaintiffs' (KS Wild Plaintiffs) Notice of Supplemental Authority (ECF No. 50). Contrary to KS Wild Plaintiffs' arguments, the cited authority, *Cascadia Wildlands, et al. v. Adcock, et al.*, No. 6:22-cv-1344-MK (F&R, D. Or. Apr. 10, 2024) (*Cascadia Wildlands*), involved different issues than those that are presented before this Court. *See* ECF No. 50, Ex. 1 (F&R).

In *Cascadia Wildlands*, Magistrate Judge Kasubhai's F&R found that the Bureau of Land Management (BLM) violated the National Environmental Policy Act (NEPA) by failing to take the requisite hard look at several issues and by failing to prepare an Environmental Impact Statement (EIS) for the Siuslaw Harvest Land Base Landscape Plan (Siuslaw HLB Project). *See generally* F&R. Before reaching the merits, the magistrate judge addressed two threshold issues, but only one of them is relevant to the challenge to the IVM-RL Project before this Court— whether BLM inappropriately tiered the Siuslaw HLB EA to the 2016 RMP FEIS (or PRMP/FEIS) for certain site-specific impacts. F&R at 7, 8-9. Notably, the magistrate judge rejected the plaintiffs' contention that the court in *Cascadia Wildlands v. Bureau of Land Mgmt.*, 410 F.Supp.3d 1146 (D. Or. 2019) (*Thurston I*) made a general finding that tiering to the 2016 RMP FEIS was inappropriate and explained that, instead, the court in *Thurston I* "evaluated the appropriateness of tiering and NEPA compliance with respect to the specific issue of fire hazards." F&R at 9 n.1. The magistrate judge then correctly determined that "[t]o the extent that Plaintiffs' Motion asks the Court to make a general finding that the BLM's tiering approach throughout the Siuslaw Plan EA violated NEPA, *the Court cannot do so in the abstract*." F&R at 9 (emphasis added). Instead, the magistrate judge determined that the relevant inquiry is "whether the BLM's use of tiering *in this particular instance* was insufficient because neither the EA nor the EIS considered specific potentially significant issues." *Id.* (emphasis in original). Similarly, KS Wild Plaintiffs in this case have requested that this Court make a finding that the IVM-RL EA tiering approach violated NEPA in the abstract, relying on *Thurston I* for support.

RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY - 1

*See, e.g.*, KS Wild MSJ at 40-41 (ECF No. 21).

As to the hard look claims, the magistrate judge found that BLM failed to take a hard look at soil disturbances by averaging the environmental impacts, finding that BLM's averaging system was based on "guesswork." F&R at 12. In support of its finding that more site-specificity for the soil analysis was required, the magistrate judge attempted to distinguish clear Ninth Circuit precedent upholding broader landscape-level plans—*N. Alaska Env't Ctr. v. Kempthorne*, 457 F.3d 969 (9th Cir. 2006), and *Te-Moak Tribe of W. Shoshone of Nev. v. U.S. Dep't of Interior*, 608 F.3d 592 (9th Cir. 2010). F&R 13-14. The magistrate judge determined that "[b]ecause Plaintiffs will not have an opportunity to comment on any further agency action, and this is not a situation of inherent uncertainty, the [Siuslaw HLB EA's] landscape-level analysis was insufficient to satisfy NEPA." *Id.* at 14. Unlike in Siuslaw HLB, BLM will provide the public an opportunity to comment on subsequent Determinations of NEPA Adequacy or site-specific EAs, Def.-Intvs. Reply at 29 n.15 (ECF No. 46), and Defendant-Intervenors adequately explained how the IVM-RL Project's EA can serve as site-specific NEPA and how the design features are akin to the circumstances in *Te-Moak Tribe of W. Shoshone.* Def.-Intvs. Reply at 27-29, 40-41.

Moreover, the magistrate judge's ruling on whether the Siuslaw HLB EA took a hard look at the impacts on soils disturbance, noxious weeds, cumulative impacts, and special status species have no bearing on the issues raised by KS Wild Plaintiffs' Motion for Summary Judgment. *See* KS Wild Pls.' Notice at 3-4. With respect to special status species, the magistrate judge found that the RMP's FEIS "lack[ed] complete and species-specific survey information for most Survey and Manage species" and the Siuslaw HLB EA's conclusion about species presence was based on "habitats those species *generally* are prone to without determining whether those species actually exist there." F&R at 20-21 (emphasis in original). Here, the IVM-RL EA, Biological Assessment, and Biological Opinion provide sufficient evidence and data regarding the impacts to the ESA-listed northern spotted owl and coastal marten, the only species at issue in the IVM-RL challenge. *See generally* Def.-Intvs.' MSJ (ECF No. 35), Def.-Intvs.' Reply.

RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY - 2

For those above reasons, *Cascadia Wildlands* provides little relevant legal authority or guidance to this Court's resolution of KS Wild Plaintiffs' claims, particularly given that no final decision has been issued.  *See Cascadia Wildlands, et al. v. Adcock, et al.*, No. 6:22-cv-1344-MK (Stay Order, Apr. 15, 2024) (ECF No. 47).

Dated this 25th day of April, 2024.

/s/ Sara Ghafouri
SARA GHAFOURI, OSB #111021
SARAH MELTON, OSB #227050
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
sghafouri@amforest.org
smelton@amforest.org

DOMINIC M. CAROLLO, OSB #093057
Carollo Law Group LLC
Mail:   P.O. Box 2456
Roseburg, OR 97470
Office: 2315 Old Highway 99 South
Roseburg, OR 97471
Telephone: (541) 957-5900
Fax: (541) 957-5923
dcarollo@carollolegal.com

*Attorneys for Defendant-Intervenors*

## CERTIFICATE OF SERVICE

I, Sara Ghafouri, hereby certify that I, on April 25, 2024, caused the foregoing to be served upon counsel of record through the Court's electronic service system.

Dated this 25th day of April, 2024.


/s/ Sara Ghafouri
Sara Ghafouri

*Attorney for Defendant-Intervenors*